```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 09-23814-Civ-MOORE
                          MAGISTRATE JUDGE P.A. WHITE

TRAVIS P. JENKINS,              :

     Petitioner,                :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,               :

     Respondent.                :
_____
```

## I. Introduction

Travis Jenkins, who is presently confined at Holmes Correctional Institution in Bonifay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F06-23985A, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits, and Jenkins traverse.

## II. Procedural History

Jenkins was charged with armed cocaine trafficking and possession of forged notes. (DE# 16, App. MM). He entered into a negotiated written plea agreement, wherein he pled guilty to both

1

charges. (DE# 16, App. B). Pursuant to the plea agreement if Jenkins failed to abide by the terms he would be sentenced to life with a fifteen year minimum mandatory. If Jenkins satisfied all conditions of the plea agreement he faced either an eight year or twelve year sentence depending on the results of his cooperation. Jenkins waived his right to appeal his conviction.

During the plea colloquy it was explained to Jenkins that if he had gone to trial and been convicted, he faced a sentence of life with a fifteen year minimum mandatory, plus an additional five years for the possession of forged notes, plus an additional five years for a violation of probation that was also pending. (DE# 16, App. D). Jenkins acknowledged that he understood the potential sentence.

Jenkins' attorney stated for the record that he had advised him of the maximum, but also stated that he did not believe the maximum was life, because he did not believe there was a sufficient connection between the gun and the cocaine. However, counsel acknowledged that they were stipulating to the factual basis for the armed trafficking. He contended that he wanted to preserve the issue in the event there was some technical violation of the plea agreement. (DE# 16, App. D, p. 10). The State would not agree to this reservation and expressly stated that if the objection was not withdrawn it would not go forward on the plea. *Id.* The court agreed that Jenkins could not revisit the issue, stating, "But you all have an agreement or you don't." *Id.* The court continued with the colloquy and the issue was not raised again.

Jenkins subsequently was found to have violated the plea agreement. (DE# 16, App. E). After the court made the finding of a violation of the plea agreement, Jenkins' counsel argued for

leniency. (DE# 16, App. E).  The court took the request of counsel under advisement and adjourned the hearing to the next day. (DE# 16, App. E).  The next day Jenkins' counsel advised the court that Jenkins, pursuant to the agreement of the State, would waive his appeal in exchange for a sentence of twenty-five years with the fifteen year minimum.

The trial court questioned Jenkins about the change of sentence.  Jenkins was advised that he had two choices, he could got straight to sentencing and appeal anything that happened there, or he could accept the State's offer of twenty-five years with the fifteen year mandatory minimum. (DE# 16, App. F).  After talking to his attorney and his grandmother, Jenkins agreed to the offer. (DE# 16, App. F).

Jenkins has filed several challenges to his conviction and sentence in State court.  (DE# 16, App. G, App. R, App. CC, App. EE). In his motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, Jenkins alleged that counsel was ineffective for misadvising him about the merits of a meritorious issue, rendering his plea unknowing, unintelligent and involuntary. (DE# 16, App. R).  This motion was initially denied by the trial court as successive. (DE# 16, App. S).  On appeal the State conceded that the trial court improperly made a successive finding, but argued that the motion was properly denied on the merits based on the record. (DE# 16, App. W).  The Third District Court of Appeal affirmed, per curiam, the denial of the motion. (DE# 16, App. X). Jenkins' motions for rehearing were denied. (DE# 16, App. AA).

Jenkins filed the instant petition on December 18, 2009.[1] He raises a single issue. Jenkins contends that trial counsel was ineffective for misadvising him regarding what he alleges was a meritorious issue. He argues that counsel should have advised him that he could not be sentenced to life because there was no finding that he possessed a firearm at the time he committed the crime of trafficking in cocaine.

### III. Statute of Limitations

The State concedes that the petition is timely filed. A review of the various filings in State court indicates that the one year limitations period, inclusive of tolling, has not expired.

### IV. Exhaustion

The State concedes that Jenkins has exhausted his single claim by raising it in State court.

### V. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

4

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

## VI. Discussion

Jenkins' single claim is that counsel was ineffective for misadvising him regarding an allegedly meritorious issue. The United States Supreme Court clearly established the law governing such claims in Strickland v. Washington, 466 U.S. 668 (1984).

5

Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. In the context of a guilty plea, the second prong of the Strickland test requires a showing that but for counsel's errors, the movant would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, Jenkins must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claim of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

Jenkins has not satisfied either prong of the Strickland

6

standard.  Regarding the first prong, the record is clear that Jenkins was present when his first counsel raised the question of whether there was sufficient evidence that he would face the enhancement of his penalty based on his possession of a firearm. This argument was made despite counsel's stipulation to the charge of armed trafficking.  The State and the trial court made it clear that the agreement was not subject to such a reservation.  Jenkins proceeded to agree to the terms of the plea agreement and pled guilty to the charge of armed trafficking in cocaine.  Thus, to the extent that any issue existed, whether meritorious or not, Jenkins was on notice of the potential argument.  He cannot now claim that he was not advised of this issue.

Additionally, the issue that Jenkins claims he was not advised of was without merit.  Jenkins has cited to two Florida cases in support of his argument that he could not have been subjected to the enhancement for possession of a firearm.[2]  He argues that under State v. Rodriguez, 602 So. 2d 1279 (Fla. 1992), and Blanc v. State, 899 So. 2d 455 (Fla. 4th DCA 2005), the State could not enhance his offense to a life felony without a jury finding, or a stipulation by him, that he possessed a firearm.  There are two problems with his argument.  First, he ignores the fact that counsel stated on the record during the plea colloquy that Jenkins was stipulating to a factual basis for the armed trafficking charge.  Second, under Florida law there was in fact enough of a connection between the gun and the trafficking crime to create a factual question.  In Menendez v. State, 521 So.2d 210 (Fla. 1st

---

[2]Under Florida law a first degree felony is reclassified to a life felony where "during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm." § 775.087(1)(a), Fla. Stat.

7

DCA 1988)[3] the court held "that an offender does not have to have physical possession of the firearm under subsection (1); but if the firearm is readily available to him, that is sufficient."  In Menendez, as in the instant case, when the defendant was apprehended drugs, items indicative of trafficking and a firearm were found nearby.  Menendez at 211.  The defendant in Menendez, as with Jenkins in this case, did not have physical possession of the firearm at the time of arrest.  The court went on to find that in light of the nature of drug trafficking crimes there is no requirement that the defendant possess the firearm at any particular point in time.  Id. at 212.  The court found that the "purpose served by the firearm can often be adequately accomplished by merely having the firearm available in the vicinity of the drugs."  Id.

    Thus there is no per se rule in Florida that a defendant physically possess a firearm in order to be subjected to the enhancement for drug trafficking.  It is sufficient that the firearm be readily available.  This issue would have been a factual question for a jury.  The question was foreclosed by Jenkins guilty plea and stipulation to the factual basis for the armed trafficking charge.  Any appeal on this issue would have been without merit.  Counsel was not ineffective for advising him that he faced life if convicted, as that advice was correct.  If Jenkins proceeded to trial and a jury found that he possessed a firearm, or that a firearm was readily available to him, he could have been convicted of armed trafficking and sentenced to life.

    He also argues essentially the same proposition relying upon

---

[3] The Florida Supreme Court in deciding Rodriguez found the facts of Menendez distinguishable and expressed no disapproval of the holding in Menendez. Rodriguez, 602 So. 2d at 1272.

8

United States v. Booker, 543 U.S. 220 (2005), Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004). As pointed out above, Jenkins stipulated to the factual basis for the plea. Thus these cases are inapplicable.

Regarding the prejudice prong, Jenkins has not alleged that but for the alleged misadvice he would have proceeded to trial. He alleges that the alleged misadvice led him to agree to the State's offer of a lower sentence than that in the original plea agreement. He contends that if he had not agreed to the sentence of twenty-five years he might have been able to persuade the trial court to exercise discretion to sentence him to the minimum of the guideline. Alternatively, he contends that he would have rejected the State's offer of twenty-five years and requested counsel to withdraw the plea on the ground that it was void because he could not be sentenced to life.

There was no question that Jenkins was going to be sentenced under the original plea. Jenkins was facing a life sentence with an option to appeal any sentencing issue. It was made abundantly clear to Jenkins what his options were and they did not include withdrawing his plea. At the point at which Jenkins claims counsel was ineffective there was no opportunity to go to trial. Thus he cannot establish prejudice as defined in Lockhart.

Jenkins' further arguments of prejudice are insufficient to warrant relief because they proceed from the incorrect premise that he was not legally subject to the enhancement of his crime to a life felony. As noted above, the question of whether Jenkins was subject to an enhancement for possession of a firearm was a factual question that was foreclosed by his stipulation to the factual basis of the armed trafficking charge.

Although neither the State trial court, nor the appellate court, expressly cited <u>Strickland</u> as a basis for denying Jenkins' claim, it is evident from a review of the record that his claim of ineffective assistance of counsel was properly denied as it is refuted by the record.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 24th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Travis P. Jenkins, <u>pro se</u>
      DC# M46567
      Holmes Correctional Institution
      3142 Thomas Drive
      Bonifay, FL 32425

      Forrest L. Andrews, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131